Good morning, your honors, and may it please the court. Harry Williams for Appellant Michael Hayes. I'd like to reserve two minutes for rebuttal. Mr. Hayes has stated a claim under the First Amendment and his case was wrongly dismissed. His allegations were specific, they were provable, and they were plausible. And the number of instances was enough to survive a motion to address is whether the jail has to open detainees mail in the presence of a detainee. And I think that Nordstrom, I think that the Wolfe case from the Supreme Court, and I think that cases from across the circuit show that that is is the case. Let's see, well Nordstrom's a little bit different, right? Yes, it is it is different. Nordstrom's, they open the mail and they read it, right? Yes. There's no question about that. Right. Single incident. Yes, but what Nordstrom says is that the way that you ensure that mail is not read is to have it opened in the presence of an inmate, and that's what Wolfe says, and that's what... Wolfe didn't actually say that. Well, Wolfe talks about that that's the way, the way that the only real way to... But it didn't make a holding, I mean... It didn't make a Yes, and I don't mean to say that if it were compelled by Wolfe, then I don't think this court would have asked me to address the question. But I think it is consistent, and the only consistent real reading with Wolfe is to have it opened in inmates presence, and we know that this works. So wait, let's go back to Nordstrom for just a second. Nordstrom dealt with a criminal case, correct? Yes. And as I understand it, Mr. Hayes, his cases that he was concerned with were civil actions. Right, and so we're under the First Amendment. You don't have a, you don't have a Sixth Amendment claim here. There's no Sixth Amendment claim in Hayes. Yes, and, but nonetheless, and I would draw the the court's attention, although virtually the entire opinion is dicta, I think it is often well-reasoned dicta, to Judge Posner's opinion in Martinson from 2010. And he talks about how opening mail in the prisoner's presence is this strange accommodation that we have to the security interests that jails have, and the importance of the rights at issue. And it makes sense, and in fact, it was the policy that was adopted by the defendants here. It's the policy adopted in every jail that I deal with. That's their stated policy. So there's no penological reason that the jails can't do this. They routinely state that that is their policy. So counsel, I want to make sure that I understand what's going on. So your client alleges four that was opened. Yes. The court said that that one of those was court mail and didn't count. Yes. One of those was not properly marked as legal mail and therefore didn't count. Yes. That left you with two instances. That would be December 28th, 2010, March 2nd, 2011. Right. Your client alleged that Lisa Burke opened these? That does appear to be his allegations, that he thinks that she was the mailroom supervisor, so he wouldn't know exactly. 1983 suit, so we don't we don't get to sue just everybody inside. So he's alleged that Lisa Burke opened these. Correct. And how do we know that she read these? We don't know that she read them. The allegation here is just that she opened them outside his presence. That's the allegation. This isn't a reading case. This is an opening case. This is a, this presents the question of must you open, you know, in this case civil mail, so under the First Amendment, must you open that attorney client mail in the presence of an inmate or a prisoner in this case? And so you want, you want a rule that says that if you open the, open the, it's a strict liability rule. If you open this, you open it inadvertently, you've got it on some kind of a machine that sort of slits mail, mail open and then you're later and somebody picks it up and goes, oh my gosh, we shouldn't have stuck this one in there. This one's marked legal mail. That's gonna violate a clearly established rule and you are now individually liable for having opened the mail outside of his presence, even though you haven't touched the in the contents. There may be an argument for that, but in what we have in this case are two, at least two instances, and I argue, you know, only alleged four according to Route 2. So we have, we have two that we can, that we seem to agree on. Well, we have two that we know that we agree on, but we're, I mean, we're on appeal, so I get to challenge the, the, the court's findings, I think, on the other two, but. Well, they're all fine. I mean, we're based on allegations in the complaint. Right. The amended complaint. Yeah. So, so, so if you assume four, that's a pretty, we're not talking about, oh, the machine messed up that day and opened it up. We're talking about four letters to a single prisoner. That starts to look like more than a random error. You still don't have any evidence that it, is there an allegation that she read them? No, this is, again, this is not a reading case. So now you're looking at a strict liability rule that is based only on opening the prisoner's mail, not reading it, and Wolf clearly dealt with reading and Nordstrom clearly dealt with reading. Sure, but, but, you know, so there, let's break that down. So the strict liability rule is you can move forward with a claim, and here we've got an injunctive claim. So, you know, if your mail is open four times, your speech is likely to be chilled because that's an extraordinary amount of legal mail to have been opened in a small amount of time. So you can, you know, move for injunctive relief to make sure that they don't do that. Now, whether there are damages here is, I think, a different issue and an issue that would need to be decided at the district court level. You know, and, and I do. Are you seeking an injunction as well? Yes, so, so he's seeking both equitable relief and monetary damages. Isn't the question for you whether a showing of injury is required? Isn't that the way you would put it? Whether a showing of injury is required? Many circuits have found that for a First Amendment claim, injury is not required. For, yes, for a First Amendment claim in general, a first, an injury is not required. That's like the war soldier case in this circuit where any denial of a First Amendment right is, is harm in and of itself. And your client is not, these are not criminal cases, so that First Amendment claim, that's the claim your client's making. Exactly. So we have, we have a claim here, but again, we don't need to necessarily get to the limit case of one oops. We have four allegations here and two that the district court recognized that is important. If you're... I do want to go back, I want to go back to one more, one more question. I realize that I've probably asked more than my share. So what is the case that, that clearly establishes for these officers? Let's, let's assume the best for your client. For, for instances that it's not, it's not nearly, well, the question of negligence apparently, apparently is not, it's not an issue here. But what is the case that establishes that opening the mail and not reading it is, is a clearly established constitutional violation? I think that the, that the case that, that says that opening mail in the First Amendment context would need to be this case, right? I mean this, this... We don't know whether they read it or not, do we? We don't know if they read it. So, so again, this is just about opening and, and the reason that opening is so important... But how do you get damages if, if, if we're have to establish the principle in this case? That, that concedes qualified immunity, doesn't it? Well, it, it concedes... It might not, it might not, it might not concede the injunction, but it surely concedes the, the damages. It may concede damages. I'm not certain that he couldn't get nominal damages against the entities, because the entities would not have qualified immunity. So he, I think his damage... You know, as I understand it, this case got knocked out on a screening by the district court. Correct. Right? So it's all about the allegations, whether their allegations are sufficient to support, or plausible, I guess, is the new word, despite what Rule 8 says. Plausible... Yes. ...claim of a First Amendment violation here. Yes. That's it. That, that's it. And again... It goes back to district court. They can move for, they can move for qualified immunity. They can do whatever they want. They can move for summary judgment on the merits. They can show that this was inadvertent. This was just an... These two things just inadvertently happened. There was... These things happened, and it happened here. That's exactly the argument, and the argument is, you know, when Your Honor said, oh, well, this was from the U.S. courts, we don't have any log or any, or anything other than a grievance that, oh, we don't think that this was actually legal mail, but we made an error thinking it was legal mail in the first instance. And, you know, we're looking at a credibility determination when somebody says, oops, we made a mistake when we said we made a mistake. Credibility is not an issue here. Credibility is not an issue. We're at 9-15, whatever it is. Exactly, and so, and so that's why I think it was wrongly decided, because I think the district court had to make a credibility determination in order to say, oh, that this means that it really was... Not a summary judgment case. It's not a Yes. I've just about run out of time, so I'd like to just reserve the last little bit here. That's fine. I'll give you a minute. Thank you. We'll hear from the jail or the defendant. May it please the court, my name is Jake Naylor. I represent ICC and Lisa Burke in this matter. Yes. Codefendant counsel will, Ms. Hayes, will Your Honor, there's the dismissal of Mr. Hayes' complaints in this matter should be upheld because he never pled the sufficient facts that would enable him to actually get out of a 9-15 initial review of a pro se inmate complaint. I understand, Judge Pius, your concerns about this being at the pleading stage, but one of the main issues with this case is that we are talking about two different types of legal mail, and as you read through both of Mr. Hayes' complaints, he uses legal mail as a general term, and the case law clearly establishes through the majority, I mean, through the Ninth Circuit, but through all the circuits, that there is a difference between legal mail, if I may, as a little L, and legal mail, capital L, when we're talking about the right for an inmate to When he filed his first complaint, he may not have really understood the distinction between legal mail with a little L and legal mail with a capital L, right? You're right. But the district court then told him what to do. The district court, the magistrate court, actually, it dismissed it, but then it specifically stated for it, the magistrate court first found that there three that Mr. Hayes had generally alleged, but not had specifically stated, the judge there, actually, she gave specific instructions on the facts that should be detailed, and Mr. Hayes failed to do that. In fact, he mostly just filed the same complaint over again, and so it was a question that the insufficiency... I thought he clarified with respect to the March 2nd, so that we know that the December 28th and the March 2nd clearly satisfy the requirement of legal mail from attorneys. Actually, your honor, to clarify, in the record, I think this is an SCR 46 and 47 and 54, I think it's actually in 54-55. In the grievance response that Mr. Hayes received when he grieved this issue, the response from Ms. Burke in the mailroom was that this instance of mail was from, that it was opened in error, so she acknowledged, excuse me, she acknowledged it was open in error, but we never had any evidence from Mr. Hayes as to the actual details behind that legal mail, and so in essence, were we to continue, it's questionable as if it was mail. Take the complaint in the light, allegation in the light, most favorable to the plaintiff, and here you have a prosaic plaintiff, and they get even more deference. And I understand that, your honor, and so, and what I'm saying is... You almost get back to rule 8. Yeah, and I feel like that's why we're, we are not contesting the March 2nd mail, because I think if this were a motion for summary judgment, we would be contesting that, because there's not sufficient facts. So, as I understand the cases that's presented to us, the argument is, and what, you know, did they, did he allege sufficient facts to state a violation of the Constitution? Here, the You're right, your honor. That's the, that's the only thing. District Court said no, this was inadequate. Yes, you're right. The question for us is, is it adequate? Exactly, your honor. Why isn't it adequate, after, especially after Nordstrom? Because when you look at the Iqbal and Twombly argument, I mean, the Iqbal and Twombly holdings, they established that you can't just have a mere recitation of the legal standard or a very subpar standard for a pleading requirement, and granted, even at the level that Mr. Hayes has done, is mainly said, I had legal mail that was opened, but there's no evidence, and this is what the magistrate court was trying to push him to get to, was to say, we need to know who, is this your attorney? Is this another attorney? Is this the ACLU? Is this some other sort of legal entity that has sent you mail that you, as a pro se inmate, do not understand the distinction, and so you're just classifying everything as legal mail? Because he can, he's effectively saying that I am receiving legal mail, and as a legal term, as a term that has weight and significance when you're dealing with constitutional violations, the issue here is, has he pled facts to get it to that point? Because I, the argument that, that appellees have at this point is that simply stating that this is legal mail is insufficient under Iqbal and Twombly to meet the pleading standard that you've established. Let me ask you, do you think, do you think that there's a constitutional right, a First Amendment right to be present when your quote-unquote legal mail is opened? I would establish, I would, I would say yes. I would say that the, that the way that the case law has been established to, and I guess I'll backtrack a little bit, but there is a basic constitutional right to have your legal mail opened in your presence from your attorney, but there's also cases that establish that inadvertent openings or isolated incidents do not qualify. It seems like, shouldn't those be decided at the, you know, like after some discovery and after, at the summary judgment stage? Well, in, in some cases I think, well, in most of the cases that have been decided, that would be sufficient. That's really where they're getting, where the cases are decided. And, and that, and this is a unique case in which it was dismissed at the initial review stage, but I think the, the very fact that we had it sent back to Mr. Hayes with a need to allege enough to get to the point where we can go to summary judgment, I think that's, that's part of the, the real turning point in this case is that it's not just that it was dismissed out of hand by a judge with no legal detail or with no opportunity for Mr. Hayes to review it and amend it. Part of the initial review stage and the motion to dismiss is whether or not allowing further amendment would be a futile gesture. And I would argue that in this case it, it would be because, and this is what the district court found, because as it looked at the second complaint that they received, it was mostly factually, it was almost identical to the first. And so they said, well, if the first two times we're dealing with the exact same facts, you apparently don't have the facts to get you beyond the motion to dismiss. Given that there's a constitutional right to have one's legal mail open in one's presence and assuming, for the sake of argument, that the appellant met the plausibility requirements and assuming, for the sake of argument, that whatever number of instances need to be pled have been pled, is the appellant required to plead injury to move forward? I, I would say in, no, because in, in the cases that I've seen, in the cases that we've cited to for the court, the, the injury requirement is only required, or is, is mainly required when there's only one incident of legal mail or that is able to pull the, the other issues. For example, in the, in the Nordstrom case is an excellent example, in the, where in that case injury was pled and the court noted that that was an essential element because if you only have one incident of a legal, of legal mail being opened and a red, then there needs to be some facts to show either improper motive or injury in, with regards to that. What was the, what was the, oh, go ahead. No, I was going to say, if there's only a single instance. I'm aware of cases that hold that. Does the government today take the position in this case that if they're in, and I don't know that we get there in this case because Mr. Hayes has, has pled more than one instance, but if we're at a single instance, is Mr. Hayes required also to plead injury? I would, first of all, I don't represent the government, Your Honor, just to clarify, but I think that, no, because in a First Amendment case, usually that chilling effect is, is mostly assumed based on that. Okay. If Thank you, Your Honors. Leslie Hayes on behalf of the Idaho Department of Corrections and Shannon Clooney, who was the, at the time, the warden of virtual prisons, which meant that his role was to supervise correction corporations of America's operation of the ICC facility on behalf of the state of Idaho. The private institution, right, that contracts with the state. Is that how that works? At the time, yes. It is now run by the state of Idaho. The only allegations against IDOC and Shannon Clooney were under a theory of Monell liability. And as this court is well aware, there is no respondeat superior liability for a governmental entity unless there are allegations of a custom policy or practice that violates the Constitution. I'd first like to point out, as I did in my brief, that this wasn't argued in the opening brief, but even if it had been, it would be irrelevant because Mr. Hayes did not meet the minimum pleading standards under Iqbal and Twombly. He pled knowledge of one incident that Shannon Clooney was aware of, of a single employee who admitted to opening mail in, legal mail in error, and the result of filing that grievance was that the is there any additional obligation on behalf of the Department of Corrections and Shannon Clooney operating on behalf of the Department of Corrections to correct that behavior if the behavior has been corrected at the facility level? There were no additional allegations. Um, and even if there were, there's only two incident incidents of erroneous opening of legal mail. So even if Mr Clooney had been aware of that second instance, the question then sufficient for legal liability. Um, and if there are no questions, I am now out of time. Thank you. Thank you. Thank you, your honors. Two quick points in rebuttal. First, if you look at page nine of my reply brief, um, there are a number of sites to the record where, uh, Mr. Hayes says this is attorney client mail. So I think that takes care of the argument that he doesn't understand what mail is protected. He's talking about attorney client mail. Um, on the Monell issue, the grievance was denied. Denial is ratification. They're, they've said no consequence. It is not a consequence in the Monell. It could be, it could be denied on the grounds that it was, that it was inadvertent. Um, under your strict liability theory, you might still be able to go forward on that, but. Yes, but I think that's not a, that's not a dismiss, a Monell dismissal. I think that we would need to have some discovery. Why was it denied? But at any rate, there were two grievances within, again, two months and two grievances within two months, both denied for a constitutional violation. We know that ratifying a single unconstitutional act, you can, um, gives rise to Monell liability. So I think the Monell liability claim is alive here. Um, I can go on and talk about other things, but. Is it? Well, I'm out of time. Time is up. I'm out of time here, but you'll see me again. All right. Thank you, Counsel. Hayes versus Idaho Correctional Center is submitted.
judges: Paez, Bybee, Tigar